O

JS - 6

cc: order of remand, docket and
remand letter to Los Angeles Superior Court
North Central District, Burbank   EC 049760

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIZZO SADSAD and ROWENA SADSAD,<br><br>             Plaintiffs,<br><br>     v.<br><br>WASHINGTON MUTUAL BANK F.A., a Washington Corporation; JP MORGAN CHASE BANK, N.A., a New York Corporation,<br><br>             Defendants.<br>_____ | Case No. CV 09-03890 DDP (RZx)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND (2) REMANDING CASE TO STATE COURT**<br><br>[Motion filed on September 8, 2009] |

   This matter comes before the Court on Defendant JP Morgan Chase Bank, N.A.'s motion to dismiss the First and Fifth Causes of Action in Plaintiffs' Second Amended Verified Complaint ("SAC"). After reviewing the materials submitted by the parties, the Court grants the motion with respect to Plaintiffs' federal law claim. The Court declines to exercise supplemental jurisdiction over the pendant state law claims and therefore (1) remands the case to state court and (2) denies as moot Defendant's motion with respect to Plaintiffs' state law claim.  See 28 U.S.C. § 1367(c).

**I.   Background**

Plaintiffs Rizzo Sadsad and Rowena Sadsad ("Plantiffs") obtained a mortgage loan in connection with the purchase of real property located at 10515 Whitegate Avenue, Sunland, CA 91040. (SAC ¶ 4.)

In general, Plaintiffs allege that Defendants issued them a loan while misrepresenting their ability to pay and failed to make material disclosures as the federal Truth in Lending Act ("TILA") requires.

Plaintiffs filed this suit in California state court on April 17, 2009, and filed their First Amended Verified Complaint ("FAC") on April 30, 2009.  Concurrent with the FAC, Plaintiffs filed a request for a Temporary Restraining Order, which the state court granted the same day.  See Notice of Removal ¶¶ 1-2 & Exs. 1-2. The state court set a hearing date for the Order to Show Cause Re: Preliminary Injunction for July 10, 2009.  Defendant JPMorgan Chase ("JPMorgan"), as an acquirer of certain assets and liabilities of Washington Mutual Bank ("WaMu") from the Federal Deposit Insurance Corporation, removed the action to this Court on June 1, 2009. Defendant filed a motion to dismiss on June 8, 2009.  On July 13, 2009, the Court dismissed Plaintiffs' federal claim with leave to amend.  Plaintiffs filed this SAC on August 7, 2009.

**II.  Legal Standard**

Pursuant to Federal Rule of Procedure Rule 12(b)(6), a complaint is subject to dismissal when the Plaintiff's allegations fail to state a claim upon which relief can be granted.  When considering a Rule 12(b)(6) motion, courts accept the Plaintiff's allegations of material fact as true, and construe the complaint in

2

Case 2:09-cv-03890-DDP-RZ Document 30 Filed 11/25/09 Page 3 of 5 Page ID #:495

the light most favorable to the non-moving party. <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-338 (9th Cir. 1996).

In <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1950 (2009), the Supreme Court explained that a court considering a 12(b)(6) motion should first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> Next, the court should identify the complaint's "well-pleaded factual allegations, . . . assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Id.</u>

**III. Discussion**

Plaintiffs allege that WaMu, the original lender, and JPMorgan as WaMu's successor and assignee, violated TILA by not adequately informing Plaintiffs of the financial consequences of the Loan, particularly with respect to APR, finance charges, total payment amount, and terms of payment of the Loan. (SAC ¶ 28.) Plaintiffs allege that the Loan's Fixed/Adjustable Rate Balloon Note ("Note") and the Truth in Lending Act Disclosure Statement ("TILDS") contradict each other: according to Plaintiffs, the Note states that there is an adjustable interest rate but the TILDS reflects fixed payments. (<u>Id.</u>)

TILA and its implementing regulations require lenders to make certain disclosures in connection with consumer loans. TILA's purpose is to "protect consumers' choice through full disclosure and to guard against the divergent and at times fraudulent practices stemming from uninformed use of credit." <u>King v. California</u>, 784 F.2d 910, 915 (9th Cir. 1986). The statute provides that an "action [for damages] . . . may be brought in any United States district court, or in any other court of competent

jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The Ninth Circuit has held that the one-year window for filing a TILA damages claim generally "runs from the date of the consummation of the transaction." King, 784 F.3d at 915.

Here, the Court can discern from the face of the complaint that TILA's one-year statute of limitations has run. Plaintiffs obtained the loan at issue in this case in May 2007. (SAC ¶ 4.) They filed the complaint in this action in April 2009. Therefore, unless equitable tolling applies, TILA's statute of limitations bars his claim for damages.

The doctrine of equitable tolling suspends the applicable limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King, 784 F.3d at 915.

Plaintiffs contend that TILA's one year statute of limitations should be tolled because they "did not discover or have reasonable opportunity to discover the TILA violations more than one year before filing suit." (SAC ¶ 31.) To establish entitlement to tolling on the basis of a defendant's alleged fraudulent concealment, a plaintiff must show "active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, [that] prevent[ed] the plaintiff from suing in time." Santa Maria v. Pac. Bell, 202 F.3d 1170, 1177 (9th Cir. 2000). Even viewed in the light most favorable to Plaintiffs, the complaint does not allege conduct "above and beyond the wrongdoing" that forms the basis of the underlying TILA claim.

Accordingly, the Court grants Defendants' motion to dismiss Plaintiffs' TILA damages claim.

**IV. Conclusion**

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Defendant's motion. The Court:

1. Dismisses Plaintiffs' first cause of action, the only claim arising under federal law;
2. Declines to exercise supplemental jurisdiction over Plaintiffs' state law claims;
3. REMANDS the case to state court; and
4. Denies as moot Defendant's motion to dismiss with respect to Plaintiff's fifth cause of action.

IT IS SO ORDERED.

Dated: November 25, 2009

DEAN D. PREGERSON
United States District Judge